IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| TRUSTEES OF THE TEAMSTERS UNION NO. 142 PENSION FUND,<br>       Plaintiffs,<br><br>       v.<br><br>ENGINEERED CONSTRUCTORS, INC,<br>ENGINEERED CONSTRUCTORS, LLC,<br>ENGINEERED COMPANIES, INC., T.J. FERRANTELLA, Individually and d/b/a ENGINEERED CONSTRUCTORS, INC., ENGINEERED CONSTRUCTORS, LLC and ENGINEERED COMPANIES, INC.,<br>       Defendants. | CASE NO.:   2:19-cv-447 |

# COMPLAINT

The Trustees of the Teamsters Union No. 142 Pension Fund, by their undersigned attorney, hereby complain of Defendants, **Engineered Constructors, Inc., Engineered Constructors, LLC, Engineered Companies, Inc., T.J. Ferrantella, Individually and d/b/a Engineered Constructors, Inc., Engineered Constructors, LLC, and Engineered Companies, Inc.** as follows:

JURISDICTION AND VENUE

1. This complaint is brought under, and this Court has jurisdiction pursuant to, Section 502(a)(3), (e)(1), and (f) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA"), 29 U.S.C. § 1132(a)(3), (e)(1), and (f); 29 U.S.C. § 1381, et. seq. (hereinafter "MPPAA").

2. This action may properly be brought in the Northern District of Indiana, and venue is proper in this district and division, pursuant to the provisions of Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), and 29 U.S.C. § 1391(b) and (c), in that Plaintiffs' Trust Fund offices are

located at 1300 Clark Road, Gary, Indiana, the Trust Fund is administered in the Northern District of Indiana, and the claims of the Plaintiffs arose therein.

## PARTIES

3.      Plaintiffs are the Trustees of the Teamsters Union No. 142 Pension Fund (hereinafter the "Fund"), and are "fiduciaries" within the meaning of Sections 3(21)(a), 502(a)(3) and (g)(2) of ERISA, 29 U.S.C. §§ 102(21)(A), 1132(a)(3) and (g)(2).   The Fund is an "Employee Pension Benefit Plan" and "Pension Plan" within the meaning of Section 3(2) of ERISA, 29 U.S.C. § 1002(2), and is therefore an "Employee Benefit Plan" and "Plan" within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 102(3).    The Fund is also a "multi-employer plan" within the meaning of Section 3(37) of ERISA, 29 U.S.C. § 1002(37).    The Fund was established and is maintained by employers engaged in commerce or in an industry affecting commerce, and by an employee organization representing employees engaged in commerce and in an industry engaged in commerce, within the meaning of Section 4(a) of ERISA, 29 U.S.C. § 1003(A).

4.      **Engineered Constructors, Inc.** was an Indiana corporation with its principal place of business in Hammond, Indiana.

5.      **Engineered Constructors, Inc.** is an "employer" within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5), and within the meaning of the MPPAA, 29 U.S.C. § 1381, et. seq.

6.      **T.J. Ferrantella** is an owner of **Engineered Constructors, Inc.**

7.      **Engineered Constructors, LLC**, was an Indiana limited liability company.

8.      **T.J. Ferrantella** is an owner of **Engineered Constructors, LLC**.

9.      **Engineered Companies, Inc.** was an Indiana corporation.

10.     **T.J. Ferrantella** is an owner of **Engineered Companies, Inc**.

2

FACTUAL ALLEGATIONS

11. **Engineered Constructors, Inc.** was a party to a Collective Bargaining Agreement with Local No. 142 of the International Brotherhood of Teamsters, AFL-CIO (hereinafter "the Union").

12. **Engineered Constructors, Inc.** has employed persons represented for collective bargaining purposes by the Union and has agreed to be bound by the Collective Bargaining Agreement, and agreements referred to therein.

13. The Collective Bargaining Agreement required **Engineered Constructors, Inc.** to make periodic contributions on behalf of its employees to the Trust Fund, in amounts established by the applicable Collective Bargaining Agreement.

14. **Engineered Constructors, Inc.** has continued to report to the Pension Fund each month that no hours were worked by union members.

15. The Fund learned that **Engineered Constructors, Inc.** was no longer operating in the jurisdiction of Teamsters Union Local No. 142.

16. **Engineered Constructors, Inc.** effectuated a complete withdrawal from the Teamsters Union No. 142 Pension Fund during the plan year ending June 30, 2017, because it no longer has an obligation to pay contributions to Plaintiffs' Pension Fund.

17. The Fund determined that **Engineered Constructors, Inc.'s** withdrawal liability assessment is $488,206.00.

18. The Fund notified **Engineered Constructors, Inc.'s** owner and president, T.J. Ferrantella, in writing on November 12, 2019, of **Engineered Constructors, Inc.'s** withdrawal liability obligation, and that its first quarterly payment is due on December 15, 2019.

19. On March 23, 2015, T.J. Ferrantella filed Articles of Organization for a new entity, **Engineered Constructors, LLC.**

20. **Engineered Constructors, LLC** was administratively dissolved by the Indiana Secretary of State on September 5, 2017.

21. **Engineered Constructors, Inc.** was administratively dissolved by the Indiana Secretary of State on November 5, 2017.

22. **Engineered Companies, Inc.** was voluntarily dissolved by filing Articles of Dissolution with the Indiana Secretary of State with the effective date of April 2, 2019.

23. T.J. Ferrantella continues to own and control **Engineered Constructors, Inc.**, **Engineered Constructors, LLC** and **Engineered Companies, Inc.** as a sole proprietor.

24. The Teamsters Union No. 142 Pension Fund's Amendment No. 3 to the Pension Plan provides that "the term 'default' with respect to an Employer's withdrawal liability obligation, shall include … 2. The Employer's dissolution".

## CAUSE OF ACTION

25. The Pension Fund has determined that **Engineered Constructors, Inc.**, **Engineered Constructors, LLC**, **Engineered Companies, Inc.** and **T.J. Ferrantella** are in default pursuant to ERISA §4219(c)(5)(A).

26. **Engineered Constructors, Inc.**, **Engineered Constructors, LLC**, **Engineered Companies, Inc.** and **T.J. Ferrantella**, at all relevant times, are under common control pursuant to ERISA, §4001(b)(1).

27. **Engineered Constructors, Inc.**, **Engineered Constructors, LLC**, **Engineered Companies, Inc.** and **T.J. Ferrantella**, at all relevant times, engaged in activities with continuity and regularity for the primary purpose of income or profit.

28. **Engineered Constructors, Inc.**, **Engineered Constructors, LLC**, **Engineered Companies, Inc.** and **T.J. Ferrantella**, are jointly and severally liable for the withdrawal liability assessment owed to Plaintiffs' Pension Fund.

29. The Pension Fund is entitled to collect interim withdrawal liability payments from **Engineered Constructors, Inc.**, **Engineered Constructors, LLC**, **Engineered Companies, Inc.** and **T.J. Ferrantella.**

30. The Pension Fund is entitled to accelerate the payments owed, and to collect the full amount of the balance due on the withdrawal liability assessment from **Engineered Constructors, Inc.**, **Engineered Constructors, LLC**, **Engineered Companies, Inc.** and **T.J. Ferrantella**.

31. Defendants' actions as described above are an attempt to evade or avoid withdrawal liability in violation of ERISA, 29 U.S.C. §1392(c).

**WHEREFORE**, Plaintiffs request that the Court enter a judgment and order, pursuant to ERISA, 29 U.S.C. §§ 1132(a)(3) and (g)(2):

A. Finding and declaring that Defendants are in violation of ERISA and MPPAA;

B. Ordering Defendants to pay to the Fund interim installment payments on withdrawal liability;

C. Ordering Defendants to pay to the Pension Fund the full balance owed on the withdrawal liability assessment;

D. Ordering Defendants to pay to the Pension Fund interest on all delinquent installment payments;

  E. Ordering Defendants to pay to the Pension Fund liquidated damages in the amount of 20% of the full balance owed on the withdrawal liability assessment;

  F. Ordering Defendants to pay to the Pension Fund its reasonable attorney fees and costs; and

  G. Granting Plaintiffs such other and further relief as the Court may deem just.

         By: /s/ Teresa A. Massa
           Teresa A. Massa, #16133-45
           1158 W. Lincolnway, Ste. 2
           Valparaiso, Indiana 46385
           (219) 465-1766
           Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Complaint has been served by certified mail return receipt requested, as required by 502(h) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(h) this **26th** day of **November, 2019**, on the following:

| | |
|---|---|
| The Office of Division Counsel<br>Associate Chief Counsel (TE/GE) CC:TEGE<br>Room 4300<br>1111 Constitution Ave.<br>Security<br>Washington, D.C. 20224 | Secretary of Labor<br>200 Constitution Ave., N.W.<br>Washington, D.C. 20210<br>Attn: Asst. Solicitor for Plan Benefits |

         /s/ Teresa A. Massa
         Teresa A. Massa